Spear, J.
The issue ordered on the journal was an issue at large, but the contestants, by their testimony, made no other claim of invalidity than that stated in the petition, viz.: that the paper writing admitted to probate as a copy of a lost or spoliated will was not the last will of Abram Hartley, because, of his own free will, the testator had revoked the will, a copy of which is produced, by destroying the same, and the original will was not lost, spoliated or destroyed subsequent to his death, which occurred *265 April 16,1902. It was conceded at the trial that the testator did in fact execute a will December 15,1900. The order of proof being that prescribed by section 5864, Revised Statutes, the defendants introduced and read in evidence the will and codicil, and order of probate, and then rested. Testimony was thereupon offered by the plaintiff below tending to show that the will had been in the custody of the testator for some time prior to his decease, and, by circumstances and alleged declarations of the testator, that he did himself, some weeks prior to his decease, destroy the will with the intention of revoking' it, and that search being made in his desk and among his papers the day after his decease the will could not be found. To overthrow this showing, testimony was given by the defendant below tending to show the execution of the codicil the latter part of February, 1902, by which there was substituted an executor in place of the one named in the will who had deceased the January before; and, by this and other circumstances and alleged declarations of the testator, that he did not destroy the will, but that it subsisted after his decease. No testimony was given or offered tending to show that the will was revoked by the making of any other will; nor that any person in the presence of the testator, or by his direction, destroyed the will, nor was any direct testimony offered tending to prove the actual destruction of the will after the decease of the testator.
Among other things the court charged the jury that:
“The statutes of Ohio provide that a will shall be revoked by the testator, tearing, cancelling, obliter *266 ating or destroying the same, with the intention of revoking it, hy the testator himself, or by some person in his presence, or by his direction, or by some other will or codicil in writing duly executed and attested, or by some other writing signed, attested and subscribed in the manner that wills are required to be executed.
“The sole question, therefore, for you to consider under the evidence before you, is: Did Abram Hartley, during his lifetime, tear, cancel, obliterate, or destroy said will and codicil himself, or by some person in his presence, or by his direction, for there is no claim or evidence tending to show that he, after the execution of the will and codicil, made any new will or codicil, or other writing executed and attested with the formality of a will.
£ ‘ The burden of proof, as I have said, is upon the plaintiff, who is contesting this will, to establish that it is not the last will and testament and codicil of Abram Hartley, deceased. That is, the plaintiff must establish in this case, by the weight, or preponderance of the evidence, that Abram Hartley, during his lifetime, tore, cancelled, obliterated, or destroyed said will, or both, with the intention of revoking them.”
It was the- judgment of the circuit court that the last paragraph above quoted was erroneous (and this was the only ground of reversal) because it put upon the contestant the burden of showing that the testator himself- cancelled the .will in some of the ways provided by statute. It seems to have been the opinion of the learned court that the contestant was not required to prove that, but was required to prove only that the will was in the custody of the testator, *267 or that he had ready access to it shortly before his decease, and that it conld not be found shortly thereafter, and that a conclusive presumption would then follow that the testator destroyed it in his lifetime with the intention of revoking it. We are unable to agree with this conclusion. It seems to lose sight of the force and legal effect of the provisions of section 5948, Revised Statutes, which are: ‘ ‘ The contents of any such last will and testament so found, established, and admitted to probate, as aforesaid, shall be effectual to pass real and personal estate, and for all other purposes, as if the original will had been admitted to probate and record, according to the provisions of this title; and such wills shall, in all respects, be governed by the laws in force relating to other wills, not only as relates to the contest of the same, but in all other matters.”
It would seem unnecessary to cite authorities to show that after the copy of the will as probated and the probate had been introduced by the contestees, this statute puts on the contestant the burden of invalidating the will because the establishment by the probate court of a lost or spoliated will is prima facie evidence of the will thus established for all purposes, including all that relate to the contest of the same. It has been uniformly so held in this state. Prima facie, therefore, these three propositions, among others, had been proven, viz.: That the testator had in fact executed a will of which the paper proposed was a true copy; that the will was unrevoked at the time of the death of the testator, and that the will, a copy of which is produced, was lost or spoliated after the decease of the testator. The ground on which the reversal was based involves the proposition that *268 when it was shown that the will was in the custody of the testator, or that he had ready access to it, shortly before his decease, and that the will could not be found after the decease of the testator, the burden of proof shifted to the contestees. This by force of the presumption alleged as being a resulting conclusion of law, that the testator destroyed the will with intent to revoke it. With due respect, we think this, proposition unsound. The burden of proof does not shift. On the contrary, the probate record having-been given in evidence, the jury, before finding for the plaintiff, was required to find from all the evidence introduced, that the writing is not the last will of the testator, or find that it is. Mears v. Mears, 15 Ohio St., 90. Nor is the presumption which follows proof that the original will had been in the custody of the testator and could not be found after his decease a presumption of law; it is not an inference which the law peremptorily requires; not such a presumption as settles conclusively that the testator himself destroyed the will, or one upon which the contestant may rely, as sufficient to justify a verdict; or one which shifts the burden of proof to the defendant. That, under our statute, cannot be. The law does not indulge contradictory presumptions in respect to the same subject-matter at the same time, and it would be irrational to say that the presumption which the statute prescribes as the effect of the probate court record must give way to the inference to be drawn from the fact of custody by the testator and failure to find the will after his decease. The section of the statutes quoted fixes the burden, and we think it is fixed for the particular case permanently and conclusively. The presumption is one *269 of fact merely, an inference drawn from the existence of some other fact, as distinguished from a rule which forbids further inquiry. The latter requires that a certain inference must be made whenever the facts appear which furnish the basis of the inference; the former leaves a discretion, and the inference is to be derived wholly and directly from the circumstances of the particular case. It must be manifest that in the nature of things the idea that the inference is conclusive cannot stand the test of examination. A conclusion must conclude something. It must be the end, the final decision. The inference we are considering concludes nothing, and while it is a presumption of fact to which courts will give due qffect in the absence of any countervailing fact or rule of law, it is not a final disposition of the question. This principle is given as the rule by Schouler on Wills, section 402, where the author observes: “Where it is proved that a will was made and the testator retained custody of it or had ready access to it, the presumption arises, if the will cannot be found after his death, that he destroyed it with the intention of revoking it; although such a presumption may be overthrown by circumstantial or other proof to the contrary.” The same rule is stated by Prof. Freeman in his note to Graham v. Burch, 28 Am. St. Rep., 347, and by Mr. Page in his work on Wills, 521.
It was the duty of the probate court, when the copy was propounded for probate, to give effect and due weight to this presumption. Before that court, the burden was on the proponents to overcome the presumption. Presumably they did so-because the court distinctly found that the will *270 was unrevoked at the time of the testator’s death, and that the will was lost or destroyed subsequent to his death. The finding of these facts was essential to the validity of the judgment rendered, made so by the statute (sec. 5947), and that court having so adjudged, and the copy having been so established, and proof of that and the probate having been duly given at the trial, the burden rested on the contestant, by force of the statute, to overcome, by the preponderance of all the evidence, those essential findings and the judgment of the probate court, and to establish the invalidity of the will. In aid of this effort she received the benefit of the presumption, for the court instructed the jury that “if you find from the evidence that the testator, Abram Hartley, retained custody of them, or had ready access to them, and you further find that they could not be found after his death, a legal presumption is raised that the will and codicil were destroyed by him with the intention of revoking them. ’ ’ The term ‘ ‘ legal presumption, ’ ’ if taken to imply a presumption which the law will recognize, is not inaccurate.
The theory of the plaintiff below was, just as stated in her petition, that the testator himself destroyed the will with intent to revoke the same. It was upon that theory that the case was tried. Asoné step in the maintenance of that theory testimony was given tending to show that the will had been in the custody of the testator some time before his death, and that it could not be found among his papers or in his desk shortly thereafter. The plaintiff was given, in the court’s charge to the jury, all that could fairly be claimed by reason of this condition of the proof, but the ultimate fact to be estab *271 lislied by tbe plaintiff under ber theory and the testimony adduced, was that the copy probated was not a valid will because the testator himself destroyed it. As to this the burden was on the plaintiff, and the court so charged the jury. In this we think there was no error.
We do not overlook the case of Behrens v. Behrens, 47 Ohio St., 323. A careful consideration of the judgment and syllabus in that case will show, we think, that neither is inconsistent, but rather in accord, with the conclusion reached in this case.
The jury, under what we regard as a clear and well-considered charge, being of opinion that, taking all the evidence together, the plaintiff had not maintained the burden, found for the defendants. There being no error in the record of the common pleas, the. judgment of the circuit court will be reversed and that of the common pleas affirmed.

Reversed.

Davis, C. J., Shauck, Price, Crew and Summers, JJ., concur.